GUSTAVA WILLIAMS v. STATE.

No. A-8043.   Nov. 21, 1931.
(5 Pac. [2d] 410.)

Wm. B. Thompson and John L. Ward, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was charged with assault with intent to kill, and convicted of assault with a dangerous weapon, and sentenced to serve a term of two years in the penitentiary, and to pay the costs of the prosecution; from which judgment the defendant appeals.

The defendant was charged with assaulting Carrie Parker.   The testimony tends to show that for more than two years prior to the date of the assault Carrie Parker and the defendant had not been friendly.   On the day of the alleged trouble, Carrie Parker, near 6 o'clock in the afternoon, was on her way to her work at what was known as the McDonald Cafe.   In going to her work she passed the rooming house of the defendant.   She met a man by the name of Luther Gaynor, and was talking to him when defendant came by.   Carrie Parker stated "the defendant walked past us to within five or six steps of her rooming house, and said to a girl that was with her, 'I hit the black son of a bitch and she had better not say any thing.'"   The testimony further tends to show that when she made that remark the prosecuting witness asked her why she hit her, and defendant pulled a pistol from under her arm and began shooting at the prosecuting witness, who threw up her arms, and backed back toward the entrance of

the McDonald Cafe. The prosecuting witness went into the cafe and from there to the doctor's office. As she came out of the cafe on her way to the doctor's office, the defendant fired another shot at her. The testimony shows that two of the bullets fired by the defendant hit the prosecuting witness, Carrie Parker, one in the arm and the other in the body.

Several eyewitnesses substantially corroborate Carrie Parker as to what took place between her and the defendant before the defendant began shooting; all testifying that the prosecuting witness did not have a knife in her hand.

The defendant, testifying in her own behalf, stated the prosecuting witness had threatened to kill me, and on the day of the trouble, as I approached her she threatened to kill me, and struck at me with a knife, and I believed the prosecuting witness intended to kill me, and I drew my pistol and fired. Other testimony on behalf of the defendant tended to corroborate the defendant that the prosecuting witness had a knife in her hand.

The record is voluminous, and many questions were gone into in the trial that were immaterial to the case; many improper questions were asked, and some evidence was admitted by the court that was not properly admissible. The evidence as to what took place at the time of the shooting is conflicting.

The defendant has assigned several errors alleged to have been committed by the trial court; the second assignment being that the verdict of the jury is not sustained by the evidence, the fifth, that the court erred in failing or refusing to submit to the jury instructions 1, 2, 3, 4, and 5, requested by the defendant. The defendant in

her argument insists that the verdict is contrary to the evidence, and urges that her case should be reversed and a new trial granted. It is also urged by the defendant that the court permitted the state to attack the character of the defendant before she had first put her character in issue by showing evidence of good character.

The record has been examined and the questions propounded by the state and the answers given carefully considered. Many of the questions propounded were not material to the issue in the case, and the objections to the same should have been sustained, but, after a careful consideration of the entire record, it is clear that the questions permitted to be answered, over the objections of the defendant, did not prejudice the rights of the defendant before the jury. Some of the improper questions propounded were permitted to be answered without any objection on the part of the defendant.

After a careful consideration of the facts disclosed by the record, we hold that the evidence is sufficient to sustain the judgment. The instructions of the court correctly stated the law applicable to the facts. Where the general instructions substantially cover the questions of law included in special requested instructions, it is not error for the court to refuse to give the requested instructions.

After a careful consideration of the facts disclosed by the record, we believe that the punishment inflicted is excessive and should be modified to one year in the penitentiary, and, as modified, the judgment is affirmed.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.