## MADISON v. STATE.

No. A-11925. Dec. 30, 1953.

(265 P. 2d 509.)

Ed M. Shipp, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Helen Madison, defendant below, was charged by information in the district court of McCurtain county, Oklahoma, with the crime of assault with intent to kill which was allegedly committed on September 2, 1952 upon the body of Virgie Mae Crockett by means of a certain pocket knife with which she did stab and cut said Virgie Mae Crockett with felonious intent. She was tried on October 31, 1952, by a jury, convicted of an assault with intent to do bodily harm, Title 21 O.S. 1951 § 645; DeWitt v. State, 58 Okla. Cr. 261, 52 P. 2d 88; Bayne v. State, 72 Okla. Cr. 52, 112 P. 2d 1113; her punishment fixed at 4 years in the penitentiary; and judgment and sentence entered accordingly, from which this appeal has been perfected.

This appeal was filed on April 24, 1953, set for oral argument on September 30, 1953, at which time oral argument was heard and the matter submitted on the record. The sole and only question presented on this appeal in the oral argument was that the 4-year penalty was too severe. This court was asked to review the record herein and determine whether or not under all the facts and circumstances the judgment and sentence should be modified.

Briefly, the facts herein involved are these: Helen Madison and Virgie Mae Crockett were neighbors. It seems that there was a hydrant behind Mrs. Stanley's place where most of the people in that neighborhood got water. On the morning of September 2nd Helen Madison was at the hydrant getting water. Virgie Mae Crockett sent her little girl Thelma over to Johnny Burch's to pick up a plate. It appears that Helen wanted Thelma to assist her with some water. She said, no, she had to go get the plate, and Helen said something to Thelma and Virgie Mae intervened and a "cuss" fight followed, which was then followed by Helen Madison throwing rocks at Virgie Mae and on her front porch. Virgie Mae went down town and made complaint to the police officers and had Helen Madison arrested. She was brought home by the officers. Shortly after she got out of the automobile she attacked Virgie Mae Crockett with a pocketknife on Mrs. Stanley's porch. It appears that Virgie Mae had gone there to get some ice water. The second attack was unprovoked. Virgie Mae did not know of it until she was warned by Maggie Lou Pickens crying out warning Virgie Mae to run. She looked around and Helen Madison stabbed Virgie Mae in the back just above the kidneys and then in the chest. The wound in the back, as the doctor explained, went to the hollow. That was a wound about 6 or 8 inches long. He said the wounds were of such a nature they would be likely to produce the death of such a person. The record discloses immediately after the plaintiff in error was arrested for assault, she procured her knife and in open defiance of and in utter disrespect of the law, attempted to take the matter of the quarrel into her own hands. While the record discloses that Virgie Mae Crockett had a bad prior record for cutting people with a knife, we do not believe that is justification for the defiant attitude manifested by Helen Madison. The record shows that Virgie Mae Crockett was unarmed, and if she had not been more fleet of foot than Helen Madison, no doubt she would have lost her life. Nevertheless, the record shows Virgie Mae Crockett a very provocative person, who had been involved in several cutting escapades, and there was some evidence Virgie Mae had threatened Helen's life. Neither of the parties are altogether blameless. In consideration of the whole record, we are of the opinion that under the facts and the law the sentence is excessive and should be modified to 2 years imprisonment in the penitentiary, Tyler v. State, 39 Okla. Cr. 436, 266 P. 516; Williford v. State, 36 Okla. Cr. 270, 253 P. 1035; Bayne v. State, supra; Williams v. State, 52 Okla. Cr. 336, 5 P. 2d 410; and as so modified the judgment and sentence is affirmed.

POWELL, P. J., and JONES, J., concur.