## ROBERT MOODY *et al.* v. STATE.

No. A-1958.   Opinion Filed January 30, 1915.

1. **INDICTMENT AND INFORMATION—Felonious Assault—Sufficiency of Allegations.** An information which intends to charge the offense of assault with a sharp and dangerous weapon with intent to do bodily harm, should plead facts, which, if conceded, would be sufficient to sustain a judgment of conviction.

2. **HOMICIDE—Assault With Deadly Weapon—Allegations.** When the weapon charged to have been used is not a deadly weapon per se, then a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof should be set forth. This rule of course would not be necessary if the weapon were deadly per se.

3. **TRIAL—Instructions—Questions of Fact.** The trial court is never warranted in giving an instruction which has the effect of determining controverted questions of fact.

4.    **TRIAL—Instructions—Degrees—Issues.**   When   an   information
      is held by the court to sufficiently charge assault with a sharp and
      dangerous weapon with intent to do bodily harm, the court is not
      warranted in giving an instruction to the effect that the accused
      must be convicted of the felony charged, or acquitted; and this is
      especially the rule when the testimony is such as to raise the issue
      of simple assault and battery.

5.    **COURTS—Jurisdiction—Instructions—Included Offenses.**   The of-
      fense set forth in the information is the one which fixes the
      jurisdiction of the court, and the court has jurisdiction over
      any included offense.   It is the court's duty to submit an included
      offense when any phase of the testimony warrants, and especially
      so upon request of counsel.

      (Syllabus by the Court.)

> *Appeal from District Court, Atoka County;*
> *Preslie B. Cole, Assigned Judge.*

Robert Moody and Will Cowan were convicted of assault with a deadly weapon with intent to do bodily injury, and appeal.   Reversed.

*Linbaugh Bros & Pinson,* for plaintiffs in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiffs in error, Robert Moody and Will Cowan, were convicted at the October, 1912, term of the district court of Atoka county on a charge of assault with a deadly weapon with intent to do bodily harm, and their punishment fixed at imprisonment in the state penitentiary for a period of one year.

A statement of facts is not necessary for the determination of the assignments presented by the petition in error in this cause.   The charging part of the indictment upon which this conviction is based is as follows:

"* * * One Will Cowan and Robert Moody, late of Atoka county and within the jurisdiction of this court, did unlawfully, willfully, feloniously, purposely, intentionally, and wrongfully, and without justifiable or excusable cause, make an assault upon the person of one W. May by then and there striking the said W. May with a dangerous weapon, to wit, a wooden plank, with the unlawful, willful, and felonious intent of each of them, the said defendants, to do great bodily harm to the said W. May,

contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

To this indictment the plaintiffs in error filed a demurrer based upon the ground, among others, that the indictment did not state facts sufficient to charge the accused with the commission of a felony, "* * * assault with a sharp and dangerous weapon * * * with intent to do bodily harm * * * without justifiable or excusable cause. * * *" The demurrer was overruled and exceptions properly reserved. After the introduction of testimony the court, among other instructions, gave to the jury the following:

"Instruction No. 2.

"You are instructed that the particular statute under which this charge is prosecuted provides: that every person who with intent to do bodily harm and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon or who, without such cause, shoots or attempts to shoot at another with any kind of firearms or airgun or other means whatsoever with intent to injure any person although without intent to kill such person or to commit any felony is punishable by imprisonment in the state penitentiary not exceeding five years or by such imprisonment in the county jail not exceeding one year.

"Instruction No. 3.

"You are further instructed that as a matter of law a dangerous weapon is any stick, plank, or other weapon which is likely to produce death or do great bodily harm.

"Instruction No. 7.

"You are instructed that the indictment charges the offense of aggravated assault and you are further instructed that it may also include the offense of assault and battery. To constitute the offense of aggravated assault, as alleged in the indictment, an assault must have been committed with a dangerous weapon. An assault and battery is any willful or unlawful use of force or violence upon the person of another. You are further instructed that this court has no jurisdiction over the kind of assault and battery, when not committed with a dangerous weapon."

It is contended by the plaintiffs in error that a reversal of this judgment should be had by them on numerous grounds. The only ones we shall consider are those raised by the demurrer and the instructions of the court, *supra*. This judgment would not be disturbed on the questions of fact, had the law been followed in the trial. The indictment was drawn evidently under section 2344, Rev. Laws 1910, which is as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year."

The charging part of the indictment was, according to the contention of counsel for plaintiffs in error, too indefinite in that it did not describe the plank and designate in what manner it was used; it being their contention that a plank is not *per se* a deadly weapon; that not being *per se* a deadly weapon, the county attorney was required to plead facts sufficient to show the character of the plank and the manner in which it was used, and that the facts so pleaded must show that the instrument used was of the character set out in the statute and used in such manner as to be reasonably calculated to produce serious bodily injury.

The Assistant Attorney General contends that the indictment is sufficient and cites *State v. Dineen,* 10 Minn. 407. In that case the indictment charged the assault was made with a deadly weapon, to wit, a large heavy stone. The Supreme Court of Minnesota held the indictment sufficient. In our judgment the authorities recognize a clear distinction in "a sharp and dangerous weapon" and a "deadly weapon." There could be considerable difference in the weapon "a plank" and the weapon "a large heavy stone." It is a matter of common knowledge that a plank can be used as a weapon of offense or defense in numerous ways without inflicting serious bodily injury or intending to inflict such injury. A plank can also be used in a manner

calculated to produce death or serious bodily injury. We are of opinion that the information should have set out facts sufficient to indicate that an assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause was committed, in view of the fact that the weapon charged was not necessarily a deadly or a dangerous weapon *per se.* Such a ruling imposes no burdensome duty upon the county attorneys and in no way tends to interfere with the proper enforcement of the law, but is a reasonable and fair interpretation of the statute, to which the citizenship is entitled. In our judgment the demurrer should have been sustained.

The correctness of the instructions of the court will not be discussed at length. It is sufficient to say that instruction No. 3 should not have been given in any event. A plank is not a deadly weapon *per se.* Whether or not the plank used in the case on trial was of such character, and was used in a manner reasonably calculated to cause serious bodily injury, was a question of fact for the jury. The court erroneously assumed the power to determine this question for the jury.

Instruction No. 7 should not have been given. The rule therein announced is not the law in Oklahoma and never has been. The doctrine that an assault with intent to kill or intent to do bodily harm, etc., includes every other offense down to simple assault, is as old as our institutions. It is also a rule of equal age that the offense set forth in the indictment or information is the one that gives jurisdiction to the court, and when this jurisdiction is once acquired it is acquired for all purposes. An indictment charging murder may result in a conviction for simple assault and the imposition of a ten dollar fine. The jurisdiction of the court is fixed by the allegations in the indictment, and the fact that a jury may convict an accused of an included offense which is a misdemeanor does not oust the court of jurisdiction. In the case at bar the accused were entitled to an instruction submitting simple assault and battery, and it would have been error for the court to decline it upon their request. It was more serious for the court to tell the jury that they could not convict the accused persons of simple assault and battery

for the reason that his court had no jurisdiction of that offense. The effect of the court's instructions to the jury was to advise them that they had to convict these men of assault with a sharp and dangerous weapon with intent to do bodily harm, or acquit them. Under the proof disclosed by the record the jury should have been instructed that if they failed to find beyond a reasonable doubt that the plaintiffs in error committed the offense set forth in the indictment, they might convict of simple assault and battery should they find beyond a reasonable doubt that such offense was committed, and not the higher crime.

The Assistant Attorney General does not undertake to justify these instructions.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.

DOYLE, P. J., concurs. FURMAN, J., absent.