## FRED BLEVINS v. STATE.

No. A-1954.   Opinion Filed June 19, 1915.

1. **ASSAULT** — Indictment and Information — Form and Sufficiency. Ordinarily, on a state of facts which tend to establish that a person committed an assault with a knife or other sharp or dangerous instrument, an information should not be predicated on section 2336, but should be based upon section 2344, Rev. Laws 1910.

2. **SAME**—Instructions—Grade of Offense. Upon the trial of a person charged with assault with intent to kill, under section 2336, Rev. Laws 1910, when the testimony indicates that the assault was committed with a sharp or dangerous weapon, the trial court should submit to the jury the proposition of whether or not the accused was guilty under section 2344, and it is reversible error to refuse to do so.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Fred Blevins was convicted of assault with intent to kill, and appeals.   Reversed.

*Blanton & Andrews,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Fred Blevins, was convicted at the September, 1912, term of the district court of Garvin county on a charge of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for a period of one year.   The information charges that:

"* * * On or about the 13th day of January, 1911, in Garvin county, state of Oklahoma, Fred Blevins, late of said county and within the jurisdiction of this court, did then and there unlawfully, willfully, maliciously, feloniously, intentionally, and wrongfully commit an assault and battery upon Tom White by the means of a certain deadly weapon, to wit, a knife, and did then and there assault, stab, cut, and wound the said Tom White, with intent then and there on the part of him, the said Fred Blevins, to kill the said Tom White. * * *"

This information is intended to charge an offense under the provisions of section 2336, Rev. Laws 1910, which is as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun, or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

The facts introduced at the trial on behalf of the state tended to show that the accused stabbed the prosecuting witness with a pocket knife, the blade of which was about four inches long, and that the difficulty was begun in a fistic encounter; that the parties were separated and the accused returned to the fray and after being struck a blow by the prosecuting witness, stabbed him in the back, inflicting a dangerous wound from which the prosecuting witness became unconscious and was confined to his room for two or three weeks.

The accused testified that in the affray he was first knocked down and later cut on the hand by the prosecuting witness, after which he did the stabbing.

The instructions of the court submitted only section 2336, *supra,* to the jury. Counsel made an oral request of the court to instruct the jury, in addition to the instructions he gave, that they might find the accused guilty under section 2344, Rev. Laws 1910, which is as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

This the court failed to do. Counsel argue that this action of the court entitles them to a reversal of the judgment in this

case, contending that under the proof the jury would have been justified in finding the accused guilty under the later statute and inflicting a jail sentence as the punishment, instead of a term in the state penitentiary. Section 6857, Rev. Laws 1910, provides:

"In charging the jury the court must state to them all matters of law which it thinks necessary for their information in giving their verdict."

Section 6875, Rev. Laws 1910, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Without entering into a discussion of these sections, we are of opinion that this contention is well founded under the doctrine laid down in *Clemens v. State,* 8 Okla. Cr. 452, 128 Pac. 739, and *Russell v. State,* 9 Okla. Cr. 692, 133 Pac. 475. See, also, *Collegenia v. State,* 9 Okla. Cr. 425, 132 Pac. 375.

Cases of this character should ordinarily be prosecuted under section 2344, Rev. Laws 1910, *supra.* When the county attorneys elect to prosecute under section 2336, they should plead facts sufficient to show that the weapon used was a dangerous or deadly weapon and that it was used in a manner calculated to produce death, except possibly when the accused is resisting execution of legal process. See *Russell v. State, supra.*

The judgment is reversed and the cause remanded for a new trial.

DOYLE, P. J., concurs. FURMAN, J., not participating.