## MUTT DE WITT v. STATE.

No. A-8913.　Dec. 3, 1935.
(52 Pac. [2d] 88.)

W. M. Hall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE J. This appeal is from a judgment of conviction rendered on the 27th day of December, 1934, and sentence in pursuance of the verdict of the jury finding "the defendant, Mutt De Witt, guilty as charged in the information of assault with intent to kill and assess his punishment at 6 years in the state penitentiary."

The information, omitting merely formal parts, charges:

"Be it remembered that Dennis Bushyhead, county attorney, in and for the county of Rogers, state of Oklahoma, who prosecutes in the name and by the authority of the state of Oklahoma, comes here in person into the district court of said county, this 19th day of November,

A. D. 1934, and gives the court to understand and be informed that on the 26th day of November, A. D. 1934, in the county of Rogers, state of Oklahoma, one Mutt De Witt and Shorty De Witt, did then and there willfully and unlawfully, and feloniously commit the crime of assault and battery upon another by means of a deadly weapon with intent to kill in the manner and form as follows, to wit, that is to say, that on said date and in said county and state the said Mutt De Witt and Shorty De Witt then and there being did then and there willfully, unlawfully, and feloniously, and wrongfully and intentionally with a certain dangerous and deadly weapon, to wit, a knife with a blade about three inches long, which they then and there had and held in their hands, did willfully, unlawfully, wrongfully, intentionally and feloniously assault, cut, stab and wound one B. H. DeWeese, and then and there with force and violence likely to cause death, with the felonious intent of them, the said Mutt De Witt and Shorty De Witt, to then and there injure and kill him, the said B. H. De-Weese, all of which was then and there, contrary to," etc.

The assignments relied upon for a reversal are: Error in overruling the demurrer to the information; error in overruling motion for a continuance; error in overruling demand for time to plead to the amended information; that the court erred in not properly instructing the jury as to the law; and that the verdict is contrary to law and to the evidence.

The facts as shown by the testimony for the state briefly stated are as follows: On October 19, 1934, a meeting was held in the auditorium of the new schoolhouse in the town of Catoosa, dedicating the same. Appellant, Mutt De Witt, his brother Shorty, codefendant, with their mother were seated in the rear near the entrance.

The prosecuting witness B. H. DeWeese testified that these two boys and two or three other boys and girls were

disturbing the meeting by talking loud; that he asked them to be quiet, these two boys wanted to know what right he had to ask them that, and continued to disturb the meeting, so he picked up Shorty in his chair and put him out. The others rushed out after him, Mutt De Witt wanted to fight and pulled his pocketknife out. He walked back into the room and the boys followed him; that he turned around and shoved the chair down over Shorty's head, then they clinched and while they were scuffling Mutt De Witt stabbed him in the side; that he had Shorty down with his hand on his throat; that he got up and said Mutt stabbed him; that a place on his side had broken out like a little rupture; that he left the hospital on the seventeenth day.

It appears from the record that upon arraignment December 6, 1934, the defendants interposed a demurrer to the information upon the statutory grounds, which demurrer was overruled. Thereupon a severance was granted and the case against appellant was called for trial. Thereupon appellant filed an application for continuance and, after a hearing on the same, it was denied. Thereupon the county attorney filed a motion for leave to amend the information by striking the word "November" and to substitute "October." The court granted the motion. Thereupon appellant for this reason asked the court to postpone the trial, which was denied. Thereupon the defendant moved for time to plead to the amended information. Motion denied.

Thereupon a jury was selected to try the case without a plea being entered to the information as amended.

Upon careful examination of the record and the evidence in the case, our conclusion is that the verdict is not supported by the law and the evidence, and that the ver-

dict is too uncertain to support a conviction for the highest degree of the offense charged. Neither is it responsive to the issue under the proof, which was not of "assault with intent to kill," but of an assault and battery by means of a deadly weapon with intent to kill, as defined by section 1873 (St. 1931) providing: "Or who commits any assault and battery upon another by means of any deadly weapon."

It will be observed that the act constituting the offense so defined is clearly and distinctly set forth in the information. The information is also sufficiently direct and certain to charge a violation of the included offense defined by section 1870, providing:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, * * * although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The court instructed the jury that the defendant was charged with the offense defined by said section 1873. The court also instructed on the included offense of assault with intent to do bodily harm without intent to kill as defined by said section 1870. The court also submitted the issue of assault and battery as defined by sections 1865, 1866. The court did not submit the issue on section 1874 providing:

"Every person who is guilty of an assault with intent to kill any person, the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the penitentiary for a term not exceeding five years, or in a county jail not exceeding one year, or

by a fine not exceeding five hundred dollars or by both such fine and imprisonment."

The means prescribed in sections 1873, 1874, and section 1870, by which the offense may be committed, are in substance identical, and the material difference arises only in the punishment prescribed. In the first, punishment must be by imprisonment in the penitentiary with ten years maximum; in the second, the maximum is five years and the punishment may be as for a misdemeanor; in the third, the maximum is five years, and the punishment may be as for a misdemeanor.

In the first, the essential element is an assault and battery by means of a deadly weapon with intent to kill; in the second, the assault must be with intent to kill. In said section 1870, the essential element is the intent to do bodily harm with a sharp or dangerous weapon. The offenses are all of the same character. An assault and battery with intent to kill necessarily includes an assault with intent to kill, also an assault with intent to do bodily harm; for a person cannot be killed without bodily harm being done, and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon. Clemons v. State, 8 Okla. Cr. 452, 128 Pac. 739.

Without entering upon any analysis of the testimony, it is sufficient to say that there was no testimony offered to show that the pocketknife used in committing the assault and battery was a deadly weapon, except the manner and probable effect of its use.

An ordinary pocketknife is not necessarily a deadly weapon. A deadly weapon is one likely to produce death or great bodily harm by the use made of it, but a weapon capable of producing death is not necessarily a weapon

likely to produce death. In many cases the court may declare as a matter of law that the particular weapon was or was not a deadly weapon, but where the weapon used may be a deadly weapon or not, according to the manner in which it was used or the part of the body struck, the question must be submitted to the jury. To convict of the highest degree of the offense charged in this information, it was necessary to show that the assault and battery was committed by means of a deadly weapon, and not by means of any sharp or dangerous weapon as prescribed by said section 1870. And in this case it was a question of fact for the jury whether the pocketknife was a deadly weapon or merely a sharp and dangerous weapon. Clemons v. State, supra.

The record shows that the court instructed the jury in paragraph 7 as follows:

"A pocket knife may, under certain circumstances, be a weapon, and it is for you to determine in this case whether the instrument used by the defendant at the time of the alleged assault was a dangerous weapon as used by the defendant."

In paragraph 11 the court used the following language:

"And feloniously make an assault upon B. H. DeWeese with a sharp and dangerous weapon, to wit, a knife with the willful, unlawful, wrongful and felonious intent on the part of him, said Mutt DeWitt, to kill the said B. H. DeWeese, then you should find the defendant guilty of assault with intent to kill."

Instruction No. 12 submits the issue of assault with a sharp and dangerous weapon with intent to do bodily harm.

Instruction No. 13 is as follows:

"The punishment for assault with intent to kill is imprisonment in the penitentiary not exceeding ten years."

Instruction No. 16 submits the issue of assault and battery.

It follows from what has been said that a verdict finding "the defendant, Mutt DeWitt, guilty as charged in the information of assault with intent to kill" is insufficient as to form, and is too vague and uncertain to support a judgment for the highest degree of the offense charged.

The case having been tried upon a wrong theory and the issues under the pleadings and evidence not having been correctly submitted to the jury, all to the prejudice of the substantial rights of the defendant, we are of the opinion that the defendant was not accorded a legal trial and we are without doubt as to the propriety and necessity of reversing the judgment herein.

The record discloses other rulings arising during the course of the trial that would be difficult to defend. For the reasons stated, the judgment of the district court of Rogers county is reversed and the case remanded.

The record discloses that this defendant being unable to give bail is now confined in the reformatory at Granite. The warden of the reformatory will surrender the defendant, Mutt De Witt, to the sheriff of Rogers county, who shall detain him in custody until otherwise ordered, according to law.

DAVENPORT, P. J., and EDWARDS, J., concur.