# TONY PONKILLA v. STATE.

No. A-9617.   Feb. 23, 1940.
(99 P. 2d 910.)

32

Hendon & Hendon, of Shawnee, and W. H. Ballard, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   This appeal is from a judgment of conviction rendered in the district court of Pottawatomie county on October 17, 1938, and sentence in pursuance of the verdict of the jury, finding "the defendant guilty of assault with a dangerous weapon as charged in the information and assess his punishment at three years in the state penitentiary."

The information, omitting formal parts, charges:

"Tony Ponkilla, then and there being did then and there unlawfully, knowingly, willfully, feloniously, intentionally and wrongfully make an assault in and upon one Alford Ellis with a certain weapon, to wit:   A knife, which was then and there had and held in the hands of him said Tony Ponkilla, and did then and there with said knife so had and held as aforesaid unlawfully, willfully, wrongfully and feloniously cut, cut at and attempt to cut the said Alford Ellis with the unlawful, wrongful and felonious intent and purpose then and there on the part of him the said Tony Ponkilla to kill and murder the said Alford Ellis.   Contrary to the statute in such case made and provided, and against the peace and dignity of the state."

The record discloses that the county attorney thought that the defendant had violated the provisions of section 1873, O. S. 1931, 21 Okla. St. Ann. § 652, and that the information above quoted was sufficient to charge an offense under said statute. This statute reads as follows:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years."

It can be readily seen that the information does not charge the offense of assault and battery with a deadly weapon with intent to kill under this section because the information wholly fails to allege or describe a deadly weapon, and fails to describe the manner in which the alleged knife was used, which manner of use would make it a deadly weapon. The information merely states, "by means and use of a certain weapon, to wit: A knife," which charges nothing but simple assault.

We have long adhered to the rule that when the weapon charged to have been used is not a deadly weapon per se, a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof should be set forth. Moody v. State, 11 Okla. Cr. 471, 148 P. 1055.

An ordinary pocket knife is not a deadly weapon per se, and in the absence of an allegation in the information of the same being a deadly weapon, or setting out the manner by which its use might produce death, no offense of assault with intent to kill by means of a deadly weapon is stated; and the court would have no jurisdiction to

try the defendant under section 1873, supra, or pronounce a judgment thereon under a conviction for this alleged offense or any lesser or included offense under said statute. Clemons v. State, 8 Okla. Cr. 452, 128 P. 739; Russell v. State, 9 Okla. Cr. 692, 133 P. 475; Blevins v. State, 11 Okla. Cr. 563, 149 P. 925; DeWitt v. State, 58 Okla. Cr. 261, 52 P. 2d 88.

The record discloses that the verdict of the jury was not for assault with intent to kill by means of a deadly weapon, but was for the offense of "assault with a dangerous weapon as charged in the information;" but the court did, in its instruction No. 5, submit to the jury the question of the guilt of the accused under section 1873, supra. Since the information does not state facts sufficient to charge an offense under section 1873, supra, and since no offense under said statute is stated, then the court erred in submitting that question to the jury.

In addition to section 1873, O. S. 1931, 21 Okla. St. Ann. § 652, our Criminal Code provides in section 1874, O. S. 1931, 21 Okla. St. Ann. § 653, punishment for an assault with intent to kill, other than assault described in section 1873, by imprisonment in the penitentiary for a term not exceeding five years or in a county jail not exceeding one year or by fine not exceeding $500 or both such fine and imprisonment. The county attorney, however, did not proceed under this statute, but relied for conviction upon section 1873, supra, under which in an information properly drawn would have been included the lesser offense of assault with a dangerous weapon with intent to do bodily harm and the offense of assault and battery which are not necessarily included offenses under section 1874, supra.

Section 1870, O. S. 1931, 21 Okla. St. Ann. § 645, reads as follows:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The court submitted the lesser offense of assault with a dangerous weapon with intent to do bodily harm under section 1870, supra, and also the offense of assault and battery in his instructions to the jury. This would have been proper had the information correctly stated the offense of assault with intent to kill by means of a deadly weapon under section 1873, supra. The Bill of Rights in our Constitution and our statutes on criminal procedure both declare the salutary rule of the common law that in a criminal prosecution the accused shall be informed of the nature and cause of the accusation against him, and that the indictment or information must be direct and certain, that is, that it must set forth the special manner of the whole fact so that it can be clearly seen what particular offense, and not merely what nature of offense, is intended to be charged.

In this case the defendant did not question the sufficiency of the information upon arraignment, but raised the question for the first time by an objection to the introduction of evidence at the beginning of the trial, later by a motion in arrest of judgment, renewed the same in his motion for a new trial, and it is now urged as one of the grounds for reversal of this case.

If the information states a public offense amounting to a felony which would bring it within the jurisdiction of the district court, then any objection to the sufficiency

of the information must be raised by a motion or demurrer before the defendant's plea is entered. But where the information states no offense within the jurisdiction of the court, that defect is fatal at any stage of the proceedings and is not waived by failure to take advantage thereof by motion or demurrer. Section 2956, O. S. 1931, 22 Okla. St. Ann. § 512; Stone v. State, 12 Okla. Cr. 313, 155 P. 701; Franklin v. State, 17 Okla. Cr. 348, 188 P. 686; Clark v. State, 11 Okla. Cr. 494, 148 P. 676.

Here the information states only the offense of assault and battery, which is a misdemeanor. The district court has no jurisdiction over the trial of misdemeanors, and such lack of jurisdiction may be raised at any time.

It is evident that the county attorney in preparing the information herein confused section 1873, O. S. 1931, 21 Okla. St. Ann. § 652, section 1874, 21 Okla. St. Ann. § 653, and section 1870, O. S. 1931, 21 Okla. St. Ann. § 645. A strong case was presented against the defendant; but under the facts herein, this prosecution should have been under section 1870, O. S. 1931, 21 Okla. St. Ann. § 645, and the defendant charged with assault with a sharp or dangerous weapon with intent to do bodily harm.

The defendant also complains of the action of the court in pronouncing its sentence under the jury's verdict, wherein the court recited in its judgment:

"It is therefore considered, ordered, adjudged and decreed by the said court, that you, the said Tony Ponkilla, are guilty of assault with intent to kill and that you be committed to be imprisoned in the state penitentiary, state of Oklahoma, and confined in the said state penitentiary for the term of three (3) years at hard labor for said offense of assault with intent to kill. * * *"

The court's action in this regard is contrary to the verdict of the jury which found the defendant guilty of

assault with a dangerous weapon. However, this is an error that, if standing alone, could be corrected by this court or by remanding the same to the trial judge and requiring that the judgment and sentence be corrected to conform to the verdict of the jury.

The defendant further complains of the action of the court in sustaining an objection made by the special prosecutor to the competency of a witness called on behalf of the defendant in the trial of this case. The witness was Minnie Ellis, the wife of the prosecuting witness and a sister of the defendant. Clearly this was an error on the part of the court. The defendant, however, failed to make any showing as to the materiality of the witness' testimony, and there is nothing in the record to show that he was damaged by reason of this action of the court; and we would not reverse the case upon this ground alone. But upon a retrial of this case this witness, if called by the defendant, should be allowed to testify and give her version of the affray involved.

The case having been tried upon a wrong theory and the issue under the information and the evidence not having been correctly submitted to the jury, all to the prejudice of the substantial rights of the defendant, we are of the opinion that the defendant was not accorded that fair and impartial trial to which he is entitled under the law.

The district court should order the defendant held, pending the institution of new proceedings.

For the reasons herein stated, the judgment of the district court of Pottawatomie county is reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

DOYLE, P. J., and BAREFOOT, J., concur.