### BEARD v. STATE.

No. A-11135.   May 17, 1950.

(218 P. 2d 655.)

Sigler & Jackson, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   This appeal is from a judgment of conviction rendered in the district court of Love county wherein sentence was pronounced pursuant to the verdict of the jury finding the defendant guilty "of assault with intent to kill, as charged in the information herein and fixing

his punishment at one year and one day in the State Penitentiary".

This appeal can be determined by consideration of the question as to whether the information was sufficient to charge the offense of assault and battery with a deadly weapon with intent to kill or any other felony within the jurisdiction of the district court. This question was properly raised by counsel for the defendant, raising the jurisdictional question that the information did not state the offense of assault with intent to kill or of any other felony within the jurisdiction of the district court but merely alleged facts constituting the misdemeanor of simple assault.

The information filed against the defendant reads:

"Now comes Charles A. Milor the duly qualified and acting County Attorney in and for Love County, State of Oklahoma and gives the Honorable District Court of Love County, State of Oklahoma, to know and be informed that Laudie Beard and Guy Keel did in Love County, and in the State of Oklahoma, on or about the 19th day of July, in the year of Our Lord, One Thousand Nine Hundred Forty-Seven, and anterior to the presentment hereof, commit the crime of Assault with intent to kill in the manner and form as follows, to-wit: That the said Laudie Beard and Guy Keel while acting together on the day and year aforesaid, did, unlawfully, wilfully, wrongfully, intentionally and feloniously, make an assault in and upon one Warren G. Wilson with a certain weapon, to-wit: a rock which they the said Laudie Beard and Guy Keel then and there acting together then and there held and had and did, then and there with said weapon unlawfully, wilfully, wrongfully, intentionally, and feloniously, strike, wound and injure the said Warren G. Wilson with the unlawful and felonious intent then and there on the part of them the said Laudie Beard, and Guy Keel, to kill the said Warren G. Wilson; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The Attorney General has filed a written confession of error in which he admits that in view of the decision of the court in the cases of Ponkilla v. State, 69 Okla. Cr. 31, 99 P. 2d 910; Moody et al. v. State, 11 Okla. Cr. 471, 148 P. 1055; DeWitt v. State, 58 Okla. Cr. 261, 52 P. 2d 88; and others, that the information was insufficient to charge any felony and that therefore the trial court committed error in overruling the objection to the introduction of evidence because the information did not charge any crime within the jurisdiction of the district court.

In Ponkilla v. State [69 Okla. Cr. 31, 99 P. 2d 911], supra, the identical question here involved was under consideration. It was therein stated:

"The information, omitting formal parts, charges:

" 'Tony Ponkilla, then and there being did then and there unlawfully, knowingly, willfully, feloniously, intentionally and wrongfully make an assault in and upon one, Alford Ellis with a certain weapon, to-wit: A knife, which was then and there had and held in the hands of him the said Tony Ponkilla, and did then and there with said knife so had and held as aforesaid unlawfully, willfully, wrongfully and feloniously cut, cut at and attempt to cut the said Alford Ellis with the unlawful, wrongful and felonious intent and purpose then and there on the part of him the said Tony Ponkilla to kill and murder the said Alford Ellis. Contrary to the statute in such case made and provided, and against the peace and dignity of the State.'

"The record discloses that the county attorney thought that the defendant had violated the provisions of Section 1873, O.S. 1931, 21 Okla. St. Ann. § 652, and that the information above quoted was sufficient to charge an offense under said statute. This statue reads as follows:

" 'Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and

battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years.'

"It can be readily seen that the information does not charge the offense of assault and battery with a deadly weapon with intent to kill under this section because the information wholly fails to allege or describe a deadly weapon, and fails to describe the manner in which the alleged knife was used, which manner of use would make it a deadly weapon. The information merely states, 'by means and use of a certain weapon, to-wit: A knife,' which charges nothing but simple assault.

"We have long adhered to the rule that when the weapon charged to have been used is not a deadly weapon per se, a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof should be set forth. Moody v. State, 11 Okla. Cr. 471, 148 P. 1055.

"An ordinary pocket knife is not a deadly weapon per se, and in the absence of an allegation in the information of the same being a deadly weapon, or setting out the manner by which its use might produce death, no offense of assault with intent to kill by means of a deadly weapon is stated; and the court would have no jurisdiction to try the defendant under Section 1873, supra, or pronounce a judgment thereon under a conviction for this alleged offense or any lesser or included offense under said statute. Clemons v. State, 8 Okla. Cr. 452, 128 P. 739; Russell v. State, 9 Okla. Cr. 692, 133 P. 475; Blevins v. State, 11 Okla. Cr. 563, 149 P. 925; DeWitt v. State, 58 Okla. Cr. 261, 52 P. 2d 88.

\* \* \* \* \* \*

"In addition to Section 1873, O.S. 1931, 21 Okla. St. Ann. § 652, our Criminal Code provides in Section 1874, O.S. 1931, 21 Okla. St. Ann. § 653, punishment for an assault with intent to kill, other than assault described in Section 1873, by imprisonment in the penitentiary for a

term not exceeding five years or in a county jail, not exceeding one year or by fine not exceeding five hundred dollars or both such fine and imprisonment. The county attorney, however, did not proceed under this statute, but relied for conviction upon Section 1873, supra, under which in an information properly drawn would have been included the lesser offense of assault with a dangerous weapon with intent to do bodily harm and the offense of assault and battery which are not necessarily included offenses under Section 1874, supra.

\* \* \* \* \* \*

"The Bill of Rights in our constitution and our statutes on criminal procedure both declare the salutary rule of the common law that in a criminal prosecution the accused shall be informed of the nature and cause of the accusation against him, and that the indictment or information must be direct and certain, that is, that it must set forth the special manner of the whole fact so that it can be clearly seen what particular offense, and not merely what nature of offense, is intended to be charged.

\* \* \* \* \* \*

"If the information states a public offense amounting to a felony which would bring it within the jurisdiction of the district court, then any objection to the sufficiency of the information must be raised by a motion or demurrer before the defendant's plea is entered. But where the information states no offense within the jurisdiction of the court, that defect is fatal at any stage of the proceedings and is not waived by failure to take advantage thereof by motion or demurrer. Section 2956, O.S. 1931, 22 Okla. St. Ann. § 512; Stone v. State, 12 Okla. Cr. 313, 155 P. 701; Franklin v. State, 17 Okla. Cr. 348, 188 P. 686; Clark v. State, 11 Okla. Cr. 494, 148 P. 676.

"Here the information states only the offense of assault and battery which is a misdemeanor. The district court has no jurisdiction over the trial of misdemeanors, and such lack of jurisdiction may be raised at any time.

"It is evident that the county attorney in preparing the information herein confused Section 1873, O.S. 1931, 21 Okla. St. Ann. § 652, Section 1874, 21 Okla. St. Ann. § 653, and Section 1870, O.S. 1931, 21 Okla. St. Ann. § 645. A strong case was presented against the defendant; but under the facts herein, this prosecution should have been under Section 1870, O.S. 1931, 21 Okla. St. Ann. § 645, and the defendant charged with assault with a sharp or dangerous weapon with intent to do bodily harm."

The Ponkilla case is almost identical to the instant case and that opinion disposes of the question here presented. We are of the opinion that the confession of error by the Attorney General is well taken; that the information was insufficient to charge any felony but charged only the misdemeanor of simple assault. The rock named in the information was not a deadly weapon per se, so a sufficient description of such alleged weapon, the manner in which it was used, and the effect produced by the use thereof should have been set forth in the information.

The defendant is not entitled to a discharge but the district court should order him held pending the institution of a new complaint before a committing magistrate which sufficiently charges a felony. The county attorney's attention is directed to the fact that this complaint should be filed before July 19, 1950, in order to avoid having the prosecution barred by the three year statute of limitation.

For the reasons herein stated, the judgment and sentence of the district court of Love county is reversed and the cause remanded for further proceedings in accordance with the views herein stated.

BRETT and POWELL, JJ., concur.