## PITTS v. STATE.

No. A-11690.   Dec. 3, 1952.

(251 P. 2d 527.)

James P. Devine, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.   J. D. Pitts, plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the district court of Tulsa county with the crime of unlawful possession of intoxicating liquor, second and subsequent offense. A jury being waived, the trial was before the court, who found the defendant guilty and assessed punishment at a $250 fine and sentence of 60 days incarceration in the county jail.

The evidence discloses that two Tulsa county sheriff's deputies, armed with a search warrant, searched defendant's residence in Tulsa and obtained twelve pints of Sunnybrook whiskey. The defendant testified and admitted that the whiskey belonged to him, but claimed that he did not have the same for sale, but for his own personal use. On cross-examination, however, he did admit that he had a federal liquor dealer's stamp but stated that it was for a different

address. He also admitted that previously he had been convicted of a charge of unlawful possession of intoxicating liquor in Tulsa county. The question of fact as to possession, with intent to sell, as indicated, was resolved against defendant by the court as the trier of facts, in absence of trial before a jury..

The record discloses that at the time of arraignment defendant was represented by a different attorney than the one who represented him at the trial. The first attorney entered a plea of "not guilty" for the defendant and filed a demurrer to the information, reading:

"1. That said information does not state fact sufficient to charge any offense under the laws of the State of Oklahoma.

"2. That said information does not conform to the requirements of the Crminial Code of the State of Oklahoma.

"3. That said information does not state facts sufficient to confer jurisdiction upon this court.

"4. That said information is uncertain, indefinite and vague, and does not inform the defendant of the offense with which he is charged with sufficient certainty as to enable him to defend against said information."

This demurrer was never acted upon. Several continuances were granted defendant, and defendant waived trial before a jury. Finally the case came on for trial on September 6, 1951, and defendant was represented by new counsel. On September 8, 1951, motion for new trial was filed, but it was not alleged therein that the court had acted on the demurrer in question nor was any complaint made as to the sufficiency of the information. In petition in error, filed in this court two specifications of error are alleged being:

"1. That the court erred in overruling defendant's demurrer to the information on which the defendant was tried.

"2. That the court erred in overruling defendant's motion for new trial."

The record refutes the proposition that the demurrer was ever urged or acted upon. Accordingly, it was waived.

But defendant here urges that even though this court should take such view, still the information is so fatally defective by reason of failure to state a public offense, which is a jurisdictional matter, that the question can be raised at any time. Cited are the cases of Clark v. State, 11 Okla. Cr. 494, 148 P. 676; and Ponder v. State, 74 Okla. Cr. 360, 126 P. 287, and Beard v. State, 91 Okla. Cr. 319, 218 P. 2d 655.

It is true that a jurisdictional question may be raised at any stage of the proceeding. The question, then, is whether or not the information was so totally defective as to fail to state a public offense.

We shall quote that portion of the charging part of the information claimed to be defective, to-wit:

"* * * that J. D. Pitts on the 13th day of March, A. D. 1951, in Tulsa County, State of Oklahoma, and within the jurisdiction of this court, did unlawfully, wrongfully, wilfully, and feloniously, have in his possession certain intoxicating liquor, to-wit: Twelve pints of Sunnybrook, with the unlawful intent then and there upon the part of said defendant to barter, sell, give away and otherwise furnish same in violation of the prohibitory liquor laws of the State of Oklahoma; * * *."

It will be noted that the county attorney in preparing the information failed to include the word "whiskey" following the descriptive phrase: "Twelve Pints of Sunnybrook."

Of course, if the demurrer filed had been urged, it was sufficient to have called the court's attention to the discrepancy, and it can be assumed that the court would have sustained the demurrer, but would have permitted and directed the amendment of the information instanter by the addition of the word "whiskey" following the name "Sunnybrook." Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430. But the court did not have this opportunity. Neither did the trial court on motion for new trial have opportunity to consider this matter. The question is raised for the first time in this court. The purpose and function of a demurrer is to defeat the information without a trial when it appears that it is subject to objections named in Tit. 22 O.S.A. § 504. To now grant a new trial on account of the discrepancy in question would mean, perhaps, many months or even years delay before the within case would finally be concluded, when the evidence adduced shows without question that the defendant was in possession of the intoxicating liquor alleged and shown by the evidence to have been Sunnybrook whiskey, and that he possessed a Federal retail liquor dealer's license, and had previously been convicted on a possession charge.

Did the allegations of the information state a public offense? It does allege defendant possessed "certain intoxicating liquor" specifically described as "twelve pints of Sunnybrook." Whether such liquid was in fact intoxicating was a question for the trial. The information alleged that it was intoxicating and that was sufficient to charge an offense.

Where the sufficiency of the information is for the first time challenged in this court, the rule is that every intendment or presumption will be indulged to sustain it. Hensley v. State, 34 Okla. Cr. 345, 246 P. 886.

In this day of communications undreamed of only a few generations back, words descriptive of goods, wares and merchandise have come to have general and universal meaning. One has only to consider a few examples to realize this. What is brought to mind and unmistakably meant by the term "Cadillac"? Would you say a hotel? There is such a well known hotel! But if the conversation concerned motor vehicles, would you think of a motor truck, a scooter, a half-track, or a tank? Without doubt you would know that a Cadillac automobile was meant. But, on the other hand, if "A General Patton" was mentioned, you would know that the reference was to a tank. What is at once brought to mind by "Frigidaire", or "Coca Cola", or "12 packages of Camels", or "Chesterfields", "Lucky Strikes", or "A Winchester", or a "Smith & Wesson", or a "tin of Prince Albert"? Anyone can think of innumerable illustrations proving this point. Taken in connection with the context, in this day of radios, television, billboards and other avenues of enlightenment, not many persons with average intelligence would be found who would not say at once that an intoxicating liquor described as "Sunnybrook" was whiskey. Even out of context, what is brought to mind when you see a cake of ice with four roses of a deep red color embedded therein? Likewise we think a person of common understanding would know what was intended by the term "twelve pints of Sunnybrook" in context with the other portion of the information in this case. We think the offense in this case is so defined and described as to have enabled the defendant to know what was intended, and that he did know, and that the offense was identified and defined so that the accused would be enabled to defend himself if charged again with the same offense. And while the prosecuting officials in the preparation of an information should seek as near as possible to follow the words of the statute and be specific in the use of words in effort to escape the possibility for conjecture, and should avoid prolixity, though not at the expense of the certainty of meaning, these are matters where violated in a pleading that must be called to the attention of the trial court, and may be waived if not properly raised in the lower court. This principle was applied in Marks v. State, 69 Okla. Cr. 330, 102 P. 2d 955.

From the facts recited it is our opinion that the information was not so fatally defective as to fail to state a public offense, and that defendant therefore waived his right to attack the same by failure to urge the question of the discrepancy set out, in the trial court.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.

