## HODGE v. STATE.

No. A-11726. June 10, 1953.

(258 P. 2d 704.)

James Bounds, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, Ross Thomas Hodge, defendant below, was charged in the county court of Choctaw county, Oklahoma, with the offense of operating a motor vehicle on a public highway, in the aforesaid county, while under the influence of intoxicating liquor, on February 8, 1951. He was tried, convicted and his punishment fixed at a fine of $300 and costs. Judgment and sentence was entered accordingly from which this appeal has been perfected.

In said appeal he complains of error of the trial court in refusing to declare a mistrial for conduct of the county attorney which had the effect of prejudicing the jury, to which action he excepted and exception was allowed. The predicate for this complaint is a portion of the cross-examination by the county attorney of the defendant himself, to wit:

"Q. Mr. Hodge, I believe you said you had just one bottle of beer in Antlers? A. Yes, sir. Q. Had you been drinking anything that day before that? A. No, sir. Q. What time did you go up to Antlers? A. Well, I left here along about, I guess something like eight o'clock. Q. Who left here with you? A. A friend of mine. Q. Who? A. Georgia Reynolds."

To the foregoing evidence he objected that the same was incompetent, irrelevant and immaterial, was improper cross-examination and moved that the same be stricken for the reason it was an attempt on the part of the county attorney to prejudice the minds of the jury and that it was further in the nature

of an inflammatory matter. He asked that the jury be instructed not to consider it, and then further asked the court to declare a mistrial by reason of its admission into the record. The court overruled the motion for mistrial and instructed the jury that while the same would not be stricken from the record, it was not to be considered for the purpose of reflecting on the credibility of the witness or for any other extraneous purpose. The state urges that while the matter relating to the defendant's friend, Georgia Reynolds, may have been irrelevant and immaterial to the issue being tried and perhaps objectionable as improper cross-examination, it is contended that the same was not prejudicial to the rights of the defendant such as to justify a reversal. With the latter portion of this contention we are in accord even though the record does sustain the argument of misconduct of the county attorney. We are of the opinion that the question was not innocently asked, but purposely put, to prejudice the defendant. But under the trial court's admonition to the jury, and the clear and conclusive evidence of the defendant's guilt of drunk driving, though error, it is not such as to require a reversal, but does require a modification. It is more than probable the jury would not have assessed so heavy a fine had it not been for the injection into the case of this incompetent and prejudicial aspersion. In Ballard v. State, 92 Okla. Cr. 420, 223 P. 2d 782, 783, this court held:

"A conviction in a criminal case will not be reversed on appeal for technical errors, not affecting substantial rights or resulting in a miscarriage of justice."

The conduct of the county attorney herein does not appear to have influenced the jury's verdict as to defendant's guilt, but may have influenced them in fixing the penalty. Hence giving the defendant the benefit of doubt, we are of the opinion the penalty should be modified by reducing the fine from $300 to $200.

The second proposition contended for by the defendant is that the judgment and sentence and conviction does not conform to the verdict. The verdict fixed the defendant's punishment at $300 fine. The judgment and sentence contained a closing paragraph, providing, in substance, that if the said fine was not paid, the defendant should be delivered to the foreman of the chain gang. This identical question was passed on heretofore in the case of Flinn v. State, the syllabus of which is reported in — Okla. Cr. —, 257 P. 2d 324, wherein it was held that the statutes of Oklahoma make no provision for commitment to a chain gang in a judgment and sentence and where such matter appears therein it constitutes mere surplusage, and the judgment is otherwise in proper form, such matter does not invalidate the sentence and may be rejected. For all the above and foregoing reasons, the judgment and sentence herein imposed is modified to $200 fine and as modified is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.