**David CONASTER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14399.**

Court of Criminal Appeals of Oklahoma.
April 30, 1969.

Sullivan & Sullivan, Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, David Conaster, hereinafter referred to as the defendant, was convicted of the crime of Assault with a Dangerous Weapon in the District Court of Stephens County, Oklahoma, and sentenced to three years imprisonment. An appeal from the judgment and sentence was perfected to this Court.

The evidence at defendant's trial conducted on the 16th and 17th day of February, 1967, indicates substantially as follows: Three eighteen year old boys, Richard A. Wansley, victim of the attack, Richard Sylvester, and Richard Savage, were packing up Savage's car and preparing to leave a fishing trip on the shore of Clear Creek Lake east of Duncan, Oklahoma, in Stephens County, about 3:00 A.M. on July 23, 1966, when a car approached. This car, driven by Don Boice, contained

the defendant and four other young people. As the car approached, Richard Wansley shined his flashlight into the Boice car. The Boice car drove up behind the Savage car and stopped. Two people emerged, and one, the defendant, complained to Wansley about shining the flashlight in the car. Wansley testified that he apologized, but that the defendant vigorously persisted in his complaint. Upon noticing Wansley's hunting knife, which was in a scabbard on his belt, defendant drew a knife and threatened Wansley. Wansley testified that he believed that the defendant was about to come at him with the knife, and that the defendant said, "I'm going to cut your guts out," and jabbed at him. Wansley testified that he attempted to grab defendant's wrist, but that the defendant hit him in the head with his free hand. Wansley then ran into the lake where he remained for some 15 minutes while the defendant called him names and threw rocks at him.

Testimony indicates that Savage, after being jumped by defendant's companion, then drove his car several yards from the scene of the encounter where Wansley joined them and they left the lake. The three boys then returned to the Savage home, where the police were notified and Savage was taken to the hospital for treatment. There was ample testimony from other witnesses that there was some kind of confrontation between the defendant and Wansley, and that Wansley ran into the lake with the defendant chasing him. Richard Sylvester testified that he saw the defendant threaten Wansley with a knife. The testimony does not indicate that Wansley attempted to remove his hunting knife from its scabbard on his belt, nor did he threaten to do so.

Defendant testified that he did confront Wansley complaining about the flashing of the light in the car, that he was mad, and that he started to hit Wansley. The defendant testified that before he could strike Wansley he fell and that he did not at any time pull a knife on Wansley, nor did he threaten to cut him.

Defendant did testify to chasing Wansley into the lake, but claimed that he did not throw any rocks at him and did not call him names. The jury, after weighing the evidence, found the defendant guilty as charged and assessed his punishment at three years imprisonment with the recommendation of a suspended sentence. Defendant's motion for a new trial was overruled and the judgment and sentence was imposed on March 1, 1967. Defendant's application for a suspended sentence was denied.

■ We first consider defendant's contention that under 21 O.S.1961, §§ 641, 642, 643, 645, 652, and 653, there is some confusion and repetition in the provisions for different penalties to such an extent that the defendant is unable to determine from the information with what crime he has been charged. Accordingly, defendant contends the trial court erred in failing to quash the information, that the defendant's conduct only constituted a misdemeanor, and thus neither the verdict or the judgment are sustained by the evidence.

The information in this case reads, in relevant part, as follows:

" * * * David Conaster did * * * commit the crime of assault with a dangerous weapon in the manner informed as follows, to-wit: That is to say, the said defendant in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, wrongfully and unlawfully, intentionally and feloniously, without justifiable or excusable cause, commit an assault on one Richard A. Wansley, with a sharp and dangerous weapon, to wit: a knife with blade measuring approximately 4½ inches long, sharp of edge and point, held in the hand of said defendant and used by him to present, menace and threaten to cut the said Richard A. Wansley with the unlawful and felonious intent then and there to do him great bodily harm; contrary to the form of the Statutes, in such case made

and provided, and against the peace and dignity of the State of Oklahoma."

Title 21, O.S.1961, § 645, is titled "Assault and Battery with a Dangerous Weapon," and provides as follows:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearms or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

The defendant cites in support of his position the case of Davis v. State, Okl. Cr., 354 P.2d 466, in which this Court found that the information was unclear as to what section of the statutes the charge was being brought, and ordered a new trial. However, it is apparent in the instant case that, unlike Davis v. State, supra, the information is clear and concise as to the charge filed by the prosecutor and there is no ambiguity as to the statute under which the charge has been filed.

Title 21, O.S.1961, § 641, provides:

"An assault is any wilful and unlawful attempt or offer with force or violence to do a corporal hurt to another."

We reject the argument of the defendant that this is the correct statute under which the prosecution should have brought the charge and that defendant should have only been found guilty of a misdemeanor. In Blevins v. State, 11 Okl.Cr. 563, 149 P. 925, this Court held in the first paragraph of its syllabus as follows:

"Ordinarily, on a state of facts which tend to establish that a person committed an assault with a knife or other sharp or dangerous instrument, an information should not be predicated on Section 2336 [21 O.S.1961, § 542] but

should be based upon Section 2344 * * * [21 O.S.1961, § 645]."

We therefore find that the trial court had jurisdiction to enter the judgment and sentence as the information and the evidence were sufficient to sustain a conviction under the terms of section 645, supra.

■ Next we consider defendant's proposition of improper conduct by the trial judge and the prosecuting attorney. Defendant urges as error the questioning by the trial judge of the witness, Don Boice, defendant's companion, as follows:

"BY THE COURT: Why did you drive down there in the first place?

BY MR. SULLIVAN: We object to the court examining this witness by being prejudicial to the rights of the defendant.

BY THE COURT: Well I guess I'll overrule your objection.

BY MR. SULLIVAN: Note our exceptions.

BY THE COURT: Were you just driving around?

A. Yes, sir, just drove out to the lake, yes, sir.

BY THE COURT: You weren't trying to get satisfaction were you?"

In Brannin v. State, Okl.Cr., 375 P.2d 276 (1962), this Court held:

"There is no rule or reason why a court should not ask a proper and pertinent question, for the purpose of eliciting competent and material testimony. But we also know of no rules that would permit the court to assume the role of prosecutor. And when the court takes the place of the County Attorney, and examines and cross-examines witnesses, no matter what his motives may be, or what explanation or excuse he may offer for this course, his conduct can have but one effect upon the jury, and that is to impress them that the judge is convinced of the defendant's guilt. In

the minds of the jurors, it places the judge in a hostile attitude towards the defendant, and discredits any defense that he might offer. No judge has the right to indicate to the jury, by word or action, his opinion of the merits of any case being tried before him, or to in any way indicate his opinion as to the credibility of any witness examined. Absolute fairness should characterize every word and action of a judge."

However, the situation in the instant case is quite different than that presented in *Brannin,* supra, where we found that during various stages of the trial "the court excessively questioned witnesses" and found numerous other reversible errors. The single occurrence of questioning by the trial judge in the instant case hardly constitutes excessive questioning and was for the purpose of eliciting competent and material testimony. We find nothing in this questioning by the judge which might indicate to the jury his conviction of the defendant's guilt or that would discredit the defense.

■ Defendant also cites as error improper conduct by the District Attorney in questioning defense witnesses Patricia Maddox and Don Boice. Regarding witness Maddox, defendant urges the following questioning as being prejudicial:

"Q. You said you had known David Conaster for three weeks before this time?

A. Yes.

Q. Have you been associated with him quite a bit since then?

A. No, sir.

Q. Have you ever been with him since then?

A. Yes, sir.

Q. Recently?

A. Yes, sir.

Q. At the Chisholm Trail Motel?

A. No, sir."

Defendant argues that the import of these questions was to indicate that the witness was by profession a prostitute.

We find no such indication from a reading of the record. Although this questioning may not have been material, it was not so inflammatory as to constitute reversible error.

Defendant further urges as improper another question of witness Maddox on cross-examination which was as follows:

"Q. Just a bunch of hop heads out there running around, weren't you?" Defense counsel objected to this question and the court admonished the jury to disregard the question of the District Attorney as being improper.

Defendant further cites as improper the question by the District Attorney of the defense witness Don Boice when he was being questioned about his acquaintanceship with Dick Leedy, another companion of the defendant on the night of the crime, as follows:

"Q. Are you a pretty good friend of Dick Leedy also?

A. Yes, sir.

Q. I suppose you will appear and testify at his trial, will you not? Strike that question."

The defendant's objection was sustained and the jury was instructed to disregard the question.

■ Although the question referring to the defendant and his companions as a "bunch of hop heads" may have been improper, this Court has held that "such language, although improper, should not require reversal where the evidence of the defendant's guilt was clear." Bainum v. State, 45 Okl.Cr. 330, 282 P. 903 (1929).

Although it would appear that defendant's contention that this questioning was improper has merit, we are of the opinion the questions do not require reversal of the conviction. In Herren v. State, 69 Okl.Cr. 57, 100 P.2d 286 (1940), this Court held:

"The asking of an improper question by a county attorney, where the trial court

**724**

properly sustained an objection, is not ordinarily reversible error. However, we are inclined to think that in this case it may have influenced the jury in fixing the punishment, and for that reason the judgment should be modified."

■ In view of the evidence, which was sufficient to sustain the conviction, we do not find that the improper remarks of the prosecuting attorney constitute a substantial violation of constitutional or statutory rights sufficient to require a reversal of the conviction. 22 O.S.1961, § 1068. In Sowle v. State, Okl.Cr., 424 P.2d 993, 996, this Court held in the sixth paragraph of the syllabus, as follows:

"Not every improper remark justifies reversal, but if said remarks are such that cause a doubt as to whether defendant was prejudiced by said remarks, that doubt should be resolved in favor of the defendant."

■ We are of the opinion, from a review of the record, and in view of the improper questioning that may have influenced the jury in fixing the punishment, that justice would be best served by a modification of the sentence.

It is therefore, the judgment of this Court that the sentence of three years imprisonment be modified and reduced to one year, and the judgment and sentence, as so modified, is hereby affirmed.

However, under the facts of this case, and in view of the jury's recommendation that the sentence should be suspended, it appears to this Court that defense counsel should apply the provisions of 22 O.S. § 994 (1968 Supp.), and permit the trial judge to consider the defendant's record of conduct since the date judgment and sentence was passed. Subject to defendant's record being good, we would urge a suspension of the one year sentence, as modified herein.

BRETT, P. J., and BUSSEY, J., concur.