**Arthur Lee JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–216.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1976.

James E. Gotcher, Gotcher, Gotcher & Gotcher, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Arthur Lee Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. CRF–75–20, for the crime of Escape from the Oklahoma State Penitentiary. From a sentence of two (2) years defendant has perfected this timely appeal.

The facts displayed that the defendant was serving time in the State Penitentiary on January 5, 1975, and was assigned to the Trusty Building. The defendant was head of the clothing distribution department and due to his part in instituting new numbering policies, he received threats on his life. On January 5, 1975, the Trusty Building was destroyed by fire during which event, the defendant exited the building and the prison premises. No authority was given for this departure and the defendant's absence was noticed only after a subsequent head count. The defendant testified that minus the threats on his life he would not have left.

After leaving the prison defendant spent a few weeks at the O. T. Armstrong residence, working for his board and room. Thereafter the defendant left, "to go home," was apprehended in Miami, Oklahoma and returned to the State Penitentiary.

■ The defendant's first assignment of error holds the jury verdict to be void, due to the fact that it reads Arthur Lee Hill instead Arthur Lee Jones. It is asserted that this error is prejudicial to the defendant as the jury may have concluded that the defendant used aliases, or that it reminded the jury of some prior *State v. Hill,* escape conviction. In any event defendant says it is impossible to make any concrete conclusions as to how this may have affected the jury. In our opinion the likelihood of any prejudice to the defendant is nil. This being a technical error, in no way adversed to the defendant's substantial rights, and certainly not creating miscarriage of justice, it cannot force a reversal. *Hodge v. State,* 97 Okl.Cr. 84, 258 P.2d 704; *Jones v. State,* 10 Okl.Cr. 216, 137 P. 121.

■ Secondly, the defendant assigns as error the District Attorney's cross-examination of defendant. Said cross-examination included a number of questions relating to the particular facts of a prior conviction. These questions were not answered by the defendant, and an objection by defense counsel to them was sustained. The Judge then admonished the jury to disregard them. We fail to see how this examination can require reversal. The jury was admonished to ignore the questions, the evidence was overwhelmingly against the defendant, the inquiries were not fundamentally prejudicial to the defendant, and the jury returned the minimum sentence possible. Such a holding is well within the authorities. *Rock v. State,* Okl.Cr., 538 P.2d 213 (1975); *Conaster v. State,* Okl.Cr., 455 P.2d 719 (1969); *Bohot v. State,* 89 Okl.Cr. 238, 206 P.2d 585 (1949).

For the above and foregoing reasons the judgment and sentence appealed from is *AFFIRMED.*

BUSSEY and BLISS, JJ., concur.