## JOHN C. CLEMONS v. STATE.

No. A-1260.    Opinion Filed December 31, 1912.

(128 Pac. 739.)

1.   **HOMICIDE—Assault With Intent to Kill—Instructions.**  On an information based on section 2307 of the Penal Code, charging the defendant with assault and battery with a certain knife, said knife being then and there a deadly weapon, in a manner likely to produce death, and with felonious intent to kill, he may properly be convicted of the offense defined by section 2308, of "assault with intent to kill," or the offense defined by section 2337, of "assault with any sharp or dangerous weapon, with intent to do bodily harm," and the court should submit the case to the jury for consideration upon every degree of assault which the evidence, in any reasonable view of it, suggests.

2.   **SAME—Verdict.**  A verdict finding "the defendant guilty of assault with a deadly weapon as charged in the information" is insufficient as to form, and is too vague and uncertain to support a judgment for the highest degree of the offense charged.

3.   **SAME — "Deadly Weapon."**  An ordinary pocketknife is not necessarily a deadly weapon, and in this case, it was a question of fact for the jury whether the pocketknife, if they believed one was used, was a deadly weapon.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County;*
*R. C. Allen, Judge.*

John C. Clemons was convicted of assault with a deadly weapon, and brings error.   Reversed and remanded.

*Edward Curd, Jr.,* and *W. J. Crump,* for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and S. A. King, Special Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was charged, tried, and convicted upon an information, which reads as follows:

"In the name and by the authority of the state of Oklahoma. Now comes W. F. Disney, the duly qualified and acting county attorney, in and for Muskogee county, state of Oklahoma, and gives the district court of Muskogee county, state of Oklahoma,

to know and be informed, that John C. Clemons did, in Muskogee county, and in the state of Oklahoma, on or about the twenty-fifth day of December, in the year of our Lord, one thousand nine hundred and ten and anterior to the presentment hereof, commit the crime of assault with a deadly weapon in the manner and form as follows, to wit: That the said John C. Clemons in the county and state aforesaid, on the 25th day of December, 1910, did knowingly, willfully, unlawfully, and feloniously make an assault upon one Albert Washington with a certain knife, said knife being then and there a deadly weapon in the hands of the said John C. Clemons, and did then and there with said knife strike, cut, and stab the said Albert Washington in and upon the neck, chest, and body, in a manner reasonably calculated to produce death, with the unlawful and felonious intent then and there to kill the said Albert Washington, contrary to," etc.

Upon arraignment the defendant interposed a demurrer, and, the demurrer being overruled, he pleaded not guilty. Upon the trial the jury rendered their verdict as follows:

"We, the jury, find the defendant, John C. Clemons, guilty of assault with a deadly weapon, as charged in the information, but fail to agree upon the punishment."

Motions for a new trial and in arrest of judgment were duly filed and overruled. And on May 23, 1911, judgment was pronounced, and the court sentenced the defendant to imprisonment for a term of ten years in the penitentiary. An appeal by case-made was perfected.

The assignments of error relied upon for a reversal of the judgment are as follows: Error in overruling the demurrer to the information and denying the motion in arrest of judgment. That the court erred in not properly instructing the jury as to the law of this case. That the verdict of the jury is contrary to law and to the evidence, and is not sustained by sufficient evidence.

The language of the information is that the defendant did "commit the crime of assault with a deadly weapon." Counsel contend that the word "battery" being left out of the information in the charging part, the information is not direct and certain as to the offense charged, and is not sufficient to charge the defendant with the offense of which he was convicted and sentenced. The omission of the word "battery" might have been serious in the face of a demurrer if the battery had not been

charged in the body of the information. The Constitution (section 20, Bill of Rights) and the statute (section 6627, Procedure Criminal [Comp. Laws 1909]) both declare the salutary rule of the common law that in a criminal prosecution the accused shall be informed of the nature and cause of the accusation against him, and that the indictment or information must be direct and certain, that is, that it must set forth the special manner of the whole fact, so that it can be clearly seen what particular offense, and not merely what nature of offense, is intended to be charged.

It will be observed that the act constituting the offense of "assault and battery with a deadly weapon" is clearly and distinctly set forth in the information. The information is also sufficiently direct and certain to charge a violation of the included offenses defined by section 2308 and section 2337 of the Penal Code (Comp. Laws 1909). The demurrer thereto was therefore properly overruled.

The court instructed the jury that the defendant was charged with the offense defined by section 2307 (Comp. Laws 1909) of the Penal Code, as follows:

"Gentlemen of the jury, in this case the defendant is charged by information with the crime of assault with a deadly weapon. The defendant is charged with having violated the following provision of the Criminal Code of Oklahoma: 'Every person who intentionally and wrongfully commits an assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, is punishable by imprisonment in the state prison not exceeding ten years.' You are instructed that if you believe from the evidence in this case beyond a reasonable doubt that in the county of Muskogee, and state of Oklahoma, on or about the 25th day of December, 1910, and within three years before the filing of the information herein in court, acting alone or with another or others, the defendant did intentionally and wrongfully strike, cut, and stab one Albert Washington with a certain knife with intent to kill him, the said Washington, or did so cut him in a manner reasonably calculated to produce death, you will be justified in finding the defendant guilty. If upon consideration of all of the evidence, facts, and circumstances in this case you have a reasonable doubt as to the guilt of the defendant, you should resolve that doubt in his favor and acquit him. Objected to by the defendant. Objection overruled. Defendant excepts. R. C. Allen, Judge. You are

further instructed that, should you find the defendant guilty, you will declare in your verdict the degree of crime with which you find him guilty, and fix the punishment to be inflicted, provided, however, that, should you be unable to agree upon the punishment to be inflicted, you will so declare in your verdict, in which event the court will assess the punishment. Objected to by the defendant. Objection overruled. Defendant excepts. R. C. Allen, Judge."

The court also instructed on the lesser offense of assault and battery as follows:

"The court further instructs the jury that if, after consideration of all the evidence, facts, and circumstances in this case, you have a reasonable doubt as to whether or not the defendant is guilty of the crime of assault with intent to kill, as charged in these instructions, then you will consider whether or not he is guilty of the lesser offense of assault and battery, and in this connection the court instructs you that an assault is any willful and unlawful attempt, or offer, with force or violence to do a corporal hurt to another. Assault or assault and battery shall be punishable by imprisonment in the county jail not exceeding 30 days or by fine not less than $5 or more than $100, or both, at the discretion of the court. Bearing the foregoing instruction in mind, the court instructs you that if you believe from the evidence in this case beyond a reasonable doubt that the defendant willfully and unlawfully committed an assault and battery upon the person of one Albert Washington, but did not intend to kill the said Washington, then you may find him guilty of assault and battery. If, after consideration of all the evidence, facts, and circumstances in this case, you have a reasonable doubt as to his guilt, you will resolve that doubt in his favor and acquit him."

The judgment and sentence of the court was based on section 2307 of the Penal Code (Comp. Laws 1909). Section 2308 provides:

"Every person who is guilty of an assault with intent to kill any person the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the state prison for a term not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars or by both such fine and imprisonment."

Section 2337 provides:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause, commits with any sharp or

dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the state prison not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The means prescribed in sections 2307 and 2308 by which the offense may be committed are in substance identical, and the material difference arises only in the punishment prescribed. In the first, punishment must be by imprisonment in the penitentiary, with ten years the maximum; in the second, the maximum is five years, and the punishment may be as for a misdemeanor. In the first, the essential element is an assault and battery by means of a deadly weapon or by such other means or force as is likely to produce death. In the second, the assault must be with intent to kill. In section 2337 the essential element is the intent to do bodily harm with any sharp or dangerous weapon. The offenses are all of the same character. An assault with intent to kill necessarily includes an assault with intent to do bodily harm; for a person cannot be killed without bodily harm being done, and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon. Section 6857, Procedure Criminal (Comp. Laws 1909) provides:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict."

Section 6875 provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Under the statute, the trial court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests, and the instructions must be applicable to the testimony introduced upon the trial. The testimony tended to show that one Washington was assaulted by the defendant and received a cut an inch and a half

long in the triangle of the neck. The only witness who testified as to the nature of the weapon used was the assaulted party who testified that the defendant used "an ordinary pocketknife." The knife was not introduced in evidence. Alabama Jim testified that he saw the defendant strike Washington, but did not know what he had in his hand; "that he might have stuck his finger in there." Dr. Hill and Dr. Prague testified that in their opinion death would likely have resulted from the wound if they had not treated it. The defendant as a witness on his own behalf denied making the assault. Without entering upon any analysis of the testimony, it is sufficient to say that there was no testimony offered to show that the knife used in making the assault was a deadly weapon, except the manner and probable effect of its use.

An ordinary penknife is not necessarily a deadly weapon. *Brown v. State*, 3 Okla. Cr. 42, 104 Pac. 78. A deadly weapon is one likely to produce death or great bodily harm by the use made of it, but a weapon capable of producing death is not necessarily a weapon likely to produce death. In many cases the court may declare as a matter of law that the particular weapon was or was not a deadly weapon, but where the weapon used may be a deadly weapon or not, according to the manner in which it was used or the part of the body struck, the question must be submitted to the jury. To convict of the highest degree of the offense charged in this information, it was necessary to show that the assault and battery was committed by means of a deadly weapon, and not by means of any sharp or dangerous weapon as prescribed by section 2337, Comp. Laws 1909. And in this case it was the peculiar and exclusive province of the jury to say whether the pocketknife, if they believe one was used, was a deadly weapon, or merely a sharp and dangerous weapon. And the court erred in not submitting the question of the character of the weapon used by proper instructions to the jury, and under the evidence in this case the court erred in not instructing the jury upon the offenses included in the crime charged as defined by sections 2308 and 2337.

The Attorney General concludes his brief for the state in the following language:

"If this court cannot be reconciled on the point of this word 'battery' being left out of the verdict of the jury, then the state asks that five years of this sentence be remitted and the defendant receive the maximum penalty for the offense of assault with intent to kill, as contemplated by section 2308 [Comp. Laws 1909]."

While this court under section 6955 is given the power in a proper case, if necessary in the furtherance of justice, to modify a judgment so as to prevent the imposition of punishment which the evidence will not warrant (*Fritz v. State, ante,* 128 Pac. 170), we do not think that that power should be exercised in this case.

The verdict is very vague, and is too uncertain to support a judgment for the highest degree of the offense charged. Neither is it responsive to the issue under the proof, which was not of assault by a deadly weapon, but of an assault and battery by means and force likely to produce death, with intent to kill.

There is another view of the case which must dispose of the questions presented. The defendant had not only the right to the judgment of the jury upon the facts, but he also had the right, if the jury under proper instructions had found him guilty of either one of the lesser offenses included in the charge, to have the jury assess and declare the punishment by their verdict. Section 2028 of the Penal Code provides (Comp. Laws 1909):

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict, and the court shall render a judgment, according to such verdict, except as hereinafter provided."

See, also, section 2029 and section 2030 (Comp. Laws 1909). In the case of *Dew v. State, ante,* 126 Pac. 592, it is said:

"These sections deliminate the respective provinces of the court and jury as to assessment of punishment in criminal cases. To the constitutional right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed the statute gives the supplemental right to have the jury assess the punishment, where the defendant demands it. A refusal to instruct the jury of this right when requested by the defendant is prejudicial error, as being a denial of a substantial right given to him under the statute."

The case having been tried upon a wrong theory, and the issues under the pleadings and the evidence not having been fully submitted to the jury, all to the prejudice of the substantial rights of the defendant, it is our opinion that the defendant was not accorded a legal trial, and we are without doubt as to the propriety and necessity of reversing this judgment. If the defendant be guilty, it can be shown on another trial.

The judgment of the district court of Muskogee county is therefore reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

FURMAN, P. J., and ARMSTRONG, J., concur.