## WILL RUSSELL v. STATE.

No. A-1481.   Opinion Filed June 21, 1913.

(133 Pac. 475.)

1. ASSAULT—Indictment—Statutory Offenses. (a) On an information based on sec. 2307, Comp. Laws 1909 (sec. 2336, Rev. Laws 1910), charging that the defendant "with a sharp and dangerous weapon did unlawfully, willfully and feloniously assault, cut and wound one Stony Lemons, with the intent, then and there on the part of the said Will Russell, to kill said Stony Lemons, contrary", etc., the accused may properly be convicted of the offense defined by sec. 2308, Comp. Laws 1909 (sec. 2337, Rev. Laws 1910), of "assault with intent to kill"; or of the offense defined by sec. 2337, Comp. Laws 1909 (sec. 2344, Rev. Laws 1910), of "assault with any sharp or dangerous weapon with intent to do bodily harm"; or of the offense of assault and battery as defined by sec. 2333, Comp. Laws 1909 (sec. 2341, Rev. Laws 1910), and the trial court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests.

(b) The proof on the part of the state on such charge must conform to the doctrine announced in *Clemons v. State,* 8 Okla. Cr. 452.

2. INDICTMENT AND INFORMATION—Charging Particular Offenses—Instructions. When an information fails to charge an offense under a particular provision of the penal code, and the

instructions of the court do not submit any other provision covered by the allegations in the information and evidence, a conviction cannot be upheld.

(Syllabus by the Court.)

*Appeal from District Court, Love County;*
*S. H. Russell, Judge.*

Will Russell was convicted of felonious assault, and appeals. Reversed.

*Eddleman & Graham,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Will Russell, was tried and convicted at the June, 1911, term of the district court of Love county on a charge of assault with intent to kill, and his punishment fixed at imprisonment in the state penitentiary for one year and one day.

The charging part of the information upon which this conviction is based is as follows:

"That the above named Will Russell did, in Love county, and in the state of Oklahoma, on the 25th day of December in the year of our Lord, 1910, commit the crime of assault with intent to kill, in manner and form as follows: That in the state and county aforesaid, and on the day and year aforesaid, the said Will Russell, with a sharp and dangerous weapon did unlawfully, willfully and feloniously assault, cut and wound one Stony Lemons with the intent then and there on the part of the said Will Russell to kill the said Stony Lemons, contrary," etc.

The facts in the record indicate that the difficulty out of which this prosecution grows was a mutual combat. That the prosecuting witness used a six-shooter, beating the accused, and that the accused used a knife of some kind, inflicting wounds on the prosecuting witness.

In its instruction to the jury the court charged as follows:

"Therefore, if you believe from the evidence, beyond a reasonable doubt, that in the county of Love and state of Oklahoma, on or about the 25th day of December, 1910, the

defendant, Will Russell, as charged in the information, did with a sharp and dangerous weapon, to wit: a knife, intentionally and wrongfully, that is unlawfully, willfully and feloniously assault, cut and wound Stony Lemons, with the intent on the part of him, the said Will Russell, to kill the said Stony Lemons, then in such case, if you so believe, it is your duty to find the defendant Will Russell guilty of an assault with the intent to kill, and assess his punishment by imprisonment in the state penitentiary for a term not to exceed ten years."

This instruction is based on section 2336, Revised Laws 1910 (sec. 2307, Comp. Laws 1909), which is as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of a firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

Section 2337, Revised Laws 1910 (sec. 2308, Comp. Laws 1909), is as follows:

"Any person who is guilty of an assault with intent to kill any person, the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the penitentiary for a term not exceeding five years or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

The information does not charge an offense under section 2336, Revised Laws, *supra,* but does charge an offense under section 2337. The court's instruction, however, submits only the first section, *supra,* when it should have submitted every degree of assault which the information covers and which the evidence in any reasonable view of it suggests.

As said by this court in *Clemons v. State,* 8 Okla. Cr. 452:

"The means prescribed in sections 2307 and 2308, Comp. Laws 1909 (secs. 2337 and 2336, Rev. Laws 1910), by which the offense may be committed are in substance identical, and the material difference arises only in the punishment pre-

scribed.   In the first, punishment must be by imprisonment in the penitentiary, with ten years the maximum; in the second, the maximum is five years, and the punishment may be for a misdemeanor.   In the first, the essential element is an assault and battery by means of a deadly weapon or by such other means or force as is likely to produce death.   In the second, the assault must be with intent to kill.   In section 2337, Comp. Laws 1909 (sec. 2344, Rev. Laws 1910), the essential element is the intent to do bodily harm with any sharp or dangerous weapon.   The offenses are all of the same character.   An assault with intent to kill necessarily includes an assault with intent to do bodily harm, for a person cannot be killed without bodily harm being done; and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon.   Section 6857, Procedure Criminal (Comp. Laws 1909), provides: 'In charging the jury the court must state to them all matters of law which it thinks necessary for their information in giving their verdict.'   Section 6875 provides: 'The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense.'

"Under the statute, the trial court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests, and the instructions must be applicable to the testimony introduced upon the trial."

Under the foregoing doctrine the issues were not properly submitted to the jury, and for that reason the judgment will have to be reversed.   See *Collegenia v. State,* 9 Okla. Cr. —, 132 Pac. 375.

It is very evident that the county attorney in drawing the information in this case confused section 2307, Comp. Laws 1909, being section 2337, Revised Laws 1910, with section 2337, Comp. Laws 1909, being section 2344, Revised Laws 1910.   In all probability this prosecution should have been under the latter section.   That, however, is a matter of election with the county attorney, but the court should submit all these sections in its charge to the jury when the facts so warrant.

The judgment is reversed and the cause remanded with direction to the trial court to grant a new trial.

DOYLE and FURMAN, JJ., concur.