**Billy Daymond BAILEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–75–169.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Billy Daymond Bailey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–2352, for the offense of Assault and Battery with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 652. His punishment was fixed at a term of forty-five (45) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts, inasmuch as this cause must be reversed.

Defendant's first assignment of error alleges that prejudicial and fundamental error occurred when the trial court failed to instruct on the lesser and included offense of Assault and Battery with a Dangerous Weapon (21 O.S.1971, § 645).

■ We have held that where the evidence presented at trial tends to show a lesser degree of the crime, the jury should be instructed on it. Sargent v. State, Okl. Cr., 509 P.2d 143 (1973); Kent v. State, 8 Okl.Cr. 188, 126 P. 1040 (1912); Atchison v. State, 3 Okl.Cr. 295, 105 P. 387 (1909).

Furthermore, in Clemons v. State, 8 Okl.Cr. 452, 128 P. 739 (1912), this Court stated:

" . . . An assault with intent to kill necessarily includes an assault with intent to do bodily harm; for a person cannot be killed without bodily harm being done, and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon . . .

"Under the statute, the trial court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests, and the instructions must be applicable to the testimony introduced upon the trial . . ."

See, Wheeler v. State, 66 Okl.Cr. 127, 90 P.2d 49 (1939); DeWitt v. State, 58 Okl. Cr. 261, 52 P.2d 88 (1935); and Russell v. State, 9 Okl.Cr. 692, 133 P. 475 (1913).

■ The record in the instant case reflects that the alleged crime occurred in the environment of a barroom brawl that included at least two other distinct skirmishes. Furthermore, there exists, in the record, circumstances that could reasonably indicate that there was no intent to kill on the part of the defendant. As such, the trial court should have instructed the jury as to the lesser and included offense of Assault and Battery with a Dangerous Weapon.

The trial court's failure to instruct on the lesser and included offense violated the principle that the court must submit the case to the jury under instructions on every degree of assault which is reasonably suggested by the evidence. The evidence presented at trial in this matter was such that an instruction as to assault and battery with a dangerous weapon was required. This failure to so instruct deprived the defendant of a fundamental right.

For the reason set forth above, the judgment and sentence of the District Court, Oklahoma County, is reversed and the cause is remanded with instructions to again try the accused for the offense.