Dennis L. BROWN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-663.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1983.

Ezellmo Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Dennis L. Brown, the appellant, was convicted in the District Court of Comanche County, Case No. CRF–81–540, of Assault and Battery with Intent to Kill, in violation of 21 O.S.1981, § 652, was sentenced to seven (7) years' imprisonment, and he appeals.

Although the appellant raises four assignments of error in his brief, only one will be reviewed here, as it is dispositive of the issues.

At trial, Linda Knight, the prosecuting witness and an admitted prostitute, testified that on the evening of August 24, 1981, the appellant approached her and offered to exchange money for sex. After agreeing to a price of $60.00, they drove to a Lawton motel. While they were in the motel room, the appellant called her into the bathroom. When she entered, the appellant stabbed her arm, side, back, and head with a steak knife before he fled the premises. A physician subsequently testified that several of the wounds were life threatening.

The appellant, a soldier stationed at Fort Sill, testified that he had been seeing Ms. Knight on a regular basis, and that on several previous occasions, she had asked him to marry her and take care of her son. He stated further that on the night of the alleged assault, Ms. Knight renewed her proposal. When he refused to marry her, she attacked him with the steak knife. Realizing that he had been stabbed, the appellant stated that he fought for control of the knife, and stabbed Ms. Knight several times before he fled from the room panic-stricken. A doctor stationed at Fort Sill testified that he treated the appellant for laceration of the hands and left knee.

At the close of evidence, the trial court instructed the jury on both the charging statute and on the appellant's claim of self-defense. The appellant now asserts, however, that the trial court committed reversible error by failing to give the jury sua sponte an instruction on Assault with a Dangerous Weapon, under 21 O.S.1981, § 645.

■ We have held that where the evidence presented at trial tends to show a lesser degree of the crime, the jury should be instructed on it. See, *Sargent v. State*,

**48**

509 P.2d 143 (Okl.Cr.1973), and cases cited therein. Moreover, a trial court's failure to instruct the jury on a material question of law is ground for reversal if the accused is deprived of a substantial right. See, *Dixon v. State,* 545 P.2d 1262 (Okl.Cr.1976), and cases cited therein.

▆ It has long been recognized in Oklahoma that Assault with a Dangerous Weapon is a lesser included offense of Assault with Intent to Kill.

> An assault with intent to kill necessarily includes an assault to do bodily harm; for a person ·cannot be killed without bodily harm being done, and an assault and battery by a means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon. *Clemons v. State,* 8 Okl.Cr. 452, 128 P. 739 (1912).

See also, *Pettigrew v. State,* 430 P.2d 808 (Okl.Cr.1967); *Murphy v. State,* 79 Okl.Cr. 31, 151 P.2d 69 (1944); *Gidens v. State,* 31 Okl.Cr. 137, 236 P. 912 (1925); and *Russell v. State,* 9 Okl.Cr. 692, 133 P. 475 (1913).

As the appellant testified that he acted in panic and in defense of himself, evidence was presented to the jury from which they could reasonably infer that there was no intent to kill on his part. In *Bailey v. State,* 536 P.2d 985 (Okl.Cr.1975), this Court held when such evidence was presented, failure to instruct the jury on Assault with a Dangerous Weapon deprived the accused of a fundamental right.

Therefore, for the above and foregoing reasons, the judgment and sentence appealed from is REVERSED and the cause REMANDED to the District Court of Comanche County for proceedings not inconsistent with this opinion.

CORNISH and BRETT, JJ., concur.