**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TREVOR MITCHELL,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director of the
Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 10-7028
(D.C. No. 06-CV-00503-RAW-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

Petitioner-Appellant Trevor Mitchell, an Oklahoma state inmate

represented by counsel, appeals the district court's denial of his application for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court rejected

Mr. Mitchell's habeas petition on the merits, but granted a certificate of

appealability ("COA") on the issue of whether the prosecution's withholding of a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

videotaped interview of a co-defendant violated Mr. Mitchell's due process rights under Brady v. Maryland, 373 U.S. 83 (1963). Thus, we must determine whether the Oklahoma courts' denial of Mr. Mitchell's Brady claim was (1) contrary to or an unreasonable application of federal law made clear by the United States Supreme Court or (2) based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Background.

The parties are familiar with the facts and we need not repeat them here. See Mitchell v. Jones, 2009 WL 6082847, at *1-4 (E.D. Okla. Dec. 14, 2009). Suffice it to say that in September 1999 Mr. Mitchell was convicted in state court of first degree burglary (count 1), assault and battery with a dangerous weapon (count 2), shooting with intent to kill (count 3), and conspiracy to commit a felony (count 4). 1 R. 20. Mr. Mitchell sought state post-conviction relief, asserting that the prosecution withheld exculpatory evidence in violation of Brady v. Maryland. Id. The state district court denied Mr. Mitchell's Brady claims, and the OCCA affirmed. Id. at 20-23, 24-30. The state concedes that Mr. Mitchell has exhausted his state remedies. Mitchell, 2009 WL 6082847, at *1.

In November 2006, Mr. Mitchell filed a federal habeas petition. 1 R. at 7; see 28 U.S.C. § 2254. The essence of the petition is that the prosecution withheld

potentially exculpatory evidence in violation of <u>Brady v. Maryland</u>. <u>Id.</u> at 10-11.

The evidence consists of a videotape and a report indicating that co-defendant

James Strickland failed a polygraph exam and made several remarks that could be

interpreted as inconsistent with his trial testimony. <u>Id.</u>; <u>see also</u> <u>id.</u> at 143, 166-

67 (transcript of the videotape). Specifically, in the videotape Mr. Strickland first

mentions that he heard two shots, but immediately corrects himself and says he

heard three shots—two while inside the house, and one while outside. 1 R. 166-

67. At trial, Mr. Strickland testified that he heard three shots. State Ct.

Pleadings, Vol. 2 at 211-213.

The magistrate judge recommended that the habeas petition be granted in

part, because Mr. Strickland's testimony was the only evidence of Mr. Mitchell's

intent to kill the victim.[1] <u>See</u> <u>Mitchell</u>, 2009 WL 6082847, at *9. However, the

magistrate judge concluded that the video was immaterial to Mr. Mitchell's

identity as the shooter, given the minor discrepancy between the taped and trial

---

[1] On appeal, Mr. Mitchell seeks a COA for other counts of conviction
(counts 1, 2 and 4), not just his conviction for shooting with intent to kill (count
3). <u>See</u> Aplt. Br. at 15, 18. However, we agree with the magistrate judge and
district court that the habeas petition challenged only his conviction for count 3.
<u>See</u> <u>Mitchell</u>, 2009 WL 6082847, at *1 n.1; <u>Mitchell v. Jones</u>, 2010 WL 1141358,
at *1 (E.D. Okla. Mar. 22, 2010). The alleged discrepancies between the
videotape and Mr. Strickland's testimony have nothing to do with counts 1, 2, and
4, and in any event the tape is clearly immaterial to those counts given the
prosecution's overwhelming supporting forensic evidence. <u>See</u> <u>Mitchell</u>, 2010
WL 1141358, at *1; 1 R. 23 (Oklahoma district court noting the "very persuasive
forensic evidence" and "overwhelming" evidence of guilt on counts 1, 2, and 4).
We decline Mr. Mitchell's request to expand the COA to all four counts of
conviction. Aplt. Br. at 1, 15-18.

transcripts and other credible testimony to that effect.  Id. at *8.

The district court affirmed in part and reversed in part.  See Mitchell, 2010 WL 1141358, at *2 (E.D. Okla. March 22, 2010).  The court agreed that the video was immaterial to Mr. Mitchell's identity as the shooter.  Id.  However, it concluded that the video was also immaterial to Mr. Mitchell's intent—there was strong circumstantial evidence of intent to kill, most importantly "the fact that the shooter stood in a short and narrow hallway, only a few feet from the victim and fired a shotgun blast, ripping a gaping hole in the [victim's] chest."  Id. (internal quotation marks and citations omitted).  According to the district court, given this evidence Mr. Mitchell could not establish that the Oklahoma courts' decisions were contrary to or an unreasonable application of federal law.  Id.  On appeal, Mr. Mitchell challenges this conclusion.

## Discussion

For success on his § 2554 habeas petition, Mr. Mitchell must show that the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> 28 U.S.C. § 2254(d).

- 4 -

A state court's decision is contrary to clearly established federal law where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision is an unreasonable application of clearly established federal law where it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413.

For relief premised on a Brady violation, Mr. Mitchell must prove "that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the defense." Trammell v. McKune, 485 F.3d 546, 551 (10th Cir. 2007) (internal quotation marks and citation omitted). Evidence is material if there is a reasonable probability that the evidence would have led to a different result; in such instances, "the government's evidentiary suppression undermines confidence in the outcome of the trial." Id. (internal quotation marks and citations omitted). Courts must "evaluate the materiality of withheld evidence in light of the entire record in order to determine if the omitted evidence creates a reasonable doubt that did not otherwise exist." Id. (internal quotation marks and citations omitted).

The district court was correct in deferring to the state court's resolution, specifically that notwithstanding the uncertainty of which co-defendant shot the victim, the videotape would not have created a reasonable probability that the outcome of the trial would have changed. 1 R. 28, 30. The discrepancies between Mr. Strickland's videotaped statement and his testimony at trial are minor. See Mitchell, 2009 WL 6082847, at *8. Indeed, with respect to Mr. Mitchell's identity as the shooter, Mr. Strickland's testimony on the videotape—after what may be characterized as a minor misunderstanding or clarification when Mr. Strickland first says he heard two shots, but immediately thereafter says he heard a third shot when he was outside—is precisely the same as his testimony at trial. Compare 1 R. 166-67 (video transcript) with State Ct. Pleadings, Vol. 2 at 211-213 (trial transcript). Further, Gloria Wupori testified that Mr. Mitchell told her he had shot someone in connection with the burglary. Mitchell, 2009 WL 6082847, at *8; State Ct. Pleadings, Vol. 3 at 363-64.

Mr. Mitchell argues that Ms. Wupori's testimony was inconsistent, that Mr. Strickland admitted to drug use on the videotape, that the state district court might have made other evidentiary rulings given Mr. Strickland's lack of credibility, and that with the videotape, Mr. Mitchell could have avoided trial altogether by negotiating a favorable plea bargain. Aplt. Br. 32-36; Aplt. Reply Br. 6. However, Ms. Wupori's allegedly inconsistent testimony does nothing to bolster the value of the videotape—the jury heard Ms. Wupori's testimony for

itself, and was fully capable of weighing her credibility. The arguments relating to the effects of Mr. Strickland's admitted drug use and ability to plea bargain are purely speculative; and, given the minor discrepancies between the videotape and the other evidence available before trial, we seriously doubt the videotape would have influenced the outcome of any pre-trial proceedings or evidentiary rulings. Thus, the Oklahoma courts' conclusions that the videotape was immaterial is not contrary to or an unreasonable application of federal law. See 28 U.S.C. § 2254(d).

Likewise with respect to Mr. Mitchell's intent. Even absent Mr. Strickland's testimony, there is persuasive evidence that Mr. Mitchell shot with the intent to kill—namely, the proximity of Mr. Mitchell to the victim and the location of the wound. See Mitchell, 2010 WL 1141358 at *2; Cunnigan v. State, 747 P.2d 328 (Okla. Ct. Crim. App. 1987) (noting that the proximity of the shooter and location of the wounds supports the inference of intent to kill). Thus, whether Mr. Mitchell actually stated that he would kill anyone who came out of the room—to which Mr. Strickland testified at trial but not on the videotape—is immaterial.

Finally, the taped polygraph test is also immaterial. In Oklahoma the results of polygraph tests are inadmissible at trial for any purpose. See Matthews v. State, 953 P.2d 336, 342 (Okla. Crim. App. 1998) ("[T]he results of polygraph tests are not admissible for any purpose.").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge